HEARD APRIL TERM, 1874.

## EARLE vs. STOKES.

An order irregularly made by the Court of Common Pleas in Term cannot be treated as a nullity and disregarded. If made *ex parte* the party aggrieved should move to set it aside, and, failing, to appeal.

An order requiring a defendant in execution to appear before the Court to answer touching his property may be enforced by attachment and imprisonment for contempt.

BEFORE COOKE, J., AT GREENVILLE, SEPTEMBER TERM, 1873.

R. H. Earle held a judgment, and execution thereon, for $150.73, against E. F. Stokes, in reference to which the following proceedings took place :

On the 22d July, 1872, J. L. Southern, Sheriff of Greenville County, made an affidavit, by which, after stating the case, he said that there is an unsatisfied execution in his office against the defendant in the above stated case, for the sum of one hundred and fifty 73–100 dollars, besides interest and cost.

On the 27th July, 1872, His Honor Judge Orr made the following order :

On hearing the affidavit of J. L. Southern, Sheriff of Greenville County, on motion of Earle & Blythe, attorneys for R. H. Earle, it is ordered that the said defendant do appear before the Circuit Court for Greenville County, on the first day of the next term thereof, and from day to day, until discharged by the Court, for the purpose of answering such questions as may be propounded to him touching his property.

On the 20th September, 1872, the same Judge made another order, as follows :

It appearing from the return of J. L. Southern that the defendant, E. F. Stokes, was personally served with a copy of an order to personally appear before the Court at the present term, to answer such questions as might be propounded to him touching his property, and the defendant having failed to appear, it is ordered that a rule do issue against the defendant, E. F. Stokes, requiring him to show cause, at the next term of the Court, why' he should not be attached for contempt.

On the 12th September, 1873, the defendant filed an answer to the above rule, as follows :

The defendant, Edw. F. Stokes, answering the rule to show cause why he should not be attached for contempt, respectfully answers as follows: That in September, 1872, the defendant was necessarily absent from the State, in the State of Kentucky, on important business; that he could not return in time for the Court which was held at this place in September, 1872; that he was not absent with an intention to be in contempt of the Court; that in January, 1873, the next Court following, there was no Court held at this place, and at the May Term of the Court the Court was exclusively occupied in the transaction of the criminal business; that the matter was not called up by the plaintiff at the May Term, and the defendant was under the impression and belief that the whole matter was dropped; and the defendant would hence pray to be dismissed.

And on the same day, September 12th, 1873, His Honor Judge Cooke made two orders, as follows :

On hearing the testimony of Thomas M. Cox, it is ordered that the defendant do forthwith turn over to J. L. Southern, Sheriff of Greenville, one of the notes which the said defendant holds against John Westfield, Thos. M. Cox, and T. C. Gower; that the said

Sheriff shall forthwith put said note in suit, and out of the proceeds thereof pay off the judgment of the plaintiff herein and the costs of this proceeding.

A notice having been made by the Court, on the 25th day of July, A. D. 1872, that the defendant herein should appear before the Court and answer such questions as may be propounded to him touching his property, and the said defendant refusing to be sworn and answer, it is ordered that he be held by the Sheriff in close confinement, until such time as he shall make such answers.

The defendant then gave notice that he appealed from the last of the above orders, on the following grounds:

1. Because the plaintiff called on Thomas M. Cox and swore him, and from him ascertained, under oath, all the information which plaintiff required touching defendant's property.

2. Because the Court was satisfied with such information, and thereupon the notice by the Court, bearing date the 25th day of July, A. D. 1872, requiring the defendant to answer, was accordingly marked continued, and the defendant, at the same time, was ordered to deliver to the Sheriff a note which T. M. Cox testified he and John Westfield and T. C. Gower had given to this defendant many years since, to be put in suit by the Sheriff.

3. Because the information derived, as aforesaid, from T. M. Cox, was not only sufficient for plaintiff's purpose, as aforesaid, but, also, because the defendant had appealed from the order requiring him to surrender up said note, before the aforesaid order was made, requiring the Sheriff to arrest and confine him.

4. Because the Court is required by law to impose a fine for an alleged contempt of the Court in the first instance, and it cannot imprison a person until he fails to pay the fine. In this case no fine was imposed by the Court before or even after the order was made to arrest and imprison him in the four walls of the jail, where he is now confined under said crder.

5. Because said order is otherwise contrary to law and the facts of the case.

*Stokes,* for appellant.

*Earle,* contra.

The opinion of the Court was delivered by

WILLARD, A. J. The appeal is from an order committing ap-

pellant to close confinement until he should submit to be sworn and answer touching his property, in accordance with an order made July 27, 1872, to that effect. It is not disputed that appellant refused to submit to such order, but it is contended that he was not bound to obey the order in question, on various grounds set forth in the grounds of appeal.

The original order appears to have been irregular. It was made on the affidavit of J. L. Southern, Sheriff of Greenville County, to the effect that there was an unsatisfied execution in his office against the defendant in the case above entitled, for the sum of $150.75, with interest and costs. It did not appear by affidavit—as required by Section 318 of the Code of Procedure—that such execution was issued to the Sheriff of the County where the defendant resided or had his place of business, nor that such execution was returned unsatisfied, either in whole or in part. Without these averments the Court or Judge to whom the application was made could not properly make the order for the examination of the judgment debtor touching his property. The order of July 27, 1872, made upon the affidavit, was *ex parte*, and, if irregularly or improperly granted, the defendant, in order to take advantage of such irregularity, was bound to move the Court by which it had been made to set it aside on the ground of irregularity. This course does not appear to have been pursued by the defendant. Had he pursued that course the refusal of the Court to set aside the order would have been ground for an appeal to this Court.

The defendant could not treat the order as a nullity, and disregard it. It was made by the Court of Common Pleas in term, and even if the authority of the Court, as it regards orders of that class, is to be regarded as founded on a stated power that must be strictly pursued, still that order, being made by a Court of general original jurisdiction, the presumption that it was rightfully done, arising out of the nature of the powers of the Court, could only be removed on a proper application to vacate the rule.

The defendant is not, therefore, in a position to assert the invalidity of the original order, nor does his notice of appeal or grounds of appeal question the propriety of such original order.

It follows that the defendant was in contempt, unless some of the matters set forth in his grounds of appeal afford justification or excuse of his refusal to obey the command of the Court.

The fact that a witness was called and sworn and gave testimony

as to defendant's property, is no ground justifying refusal.   The plaintiff had a right to determine whether there was a necessity for the testimony of defendant.   Nor did the fact that, during the pendency of the proceedings under the order, a collateral order was made, requiring the defendant to turn over a certain promissory note, not alleged to be in his possession as holder and owner, arrest the proceedings under the order of July 27, 1872.   The actual delivery of the note by defendant, if it had been made—a fact that does not appear—would not, in itself, have amounted to satisfaction of the plaintiff's judgment, nor can it be assumed that it would have produced satisfaction of such judgment.   The plaintiff had a right to inquire as to the existence of other property which might either be now readily available, or might satisfy any insufficiency of the note in question to pay the judgment.

Nor could an appeal taken from the order requiring the delivery of the note arrest the general proceedings under the order, for the right to further examination of the defendant was entirely independent of any question that might be made as to the propriety of such order of delivery.

The objection taken to the imposition of imprisonment until the defendant should submit to obey the command of the Court is not well taken.   The Court of Common Pleas has always had power to enforce obedience to its lawful mandates by imprisonment until compliance.   Although the clause of the Constitution forbidding imprisonment for debt interferes with this right where the order is intended to enforce the payment of a debt, still in all other cases it remains unchanged.   Without such power the authority of the Court would be incomplete, and it cannot be taken away without strong and direct evidence of the intention of the Legislature to take it away.   There is no enactment that can have any such effect.

The appeal should be dismissed.

*Moses,* C. J., and *Wright,* A. J., concurred.